UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
WESTBOROUGH SCHOOL COMMITTEE and the )
WESTBOROUGH PUBLIC SCHOOLS, )
 )
    Plaintiffs, )
 )
v. )
 )
JACUNSKI HUMES ARCHITECTS, LLC, and )
CRIS CONTRACTORS, )
 )
    Defendants. )
_____)

## COMPLAINT

### INTRODUCTION

In this matter the plaintiffs Westborough School Committee and the Westborough Public Schools ("Westborough" or "Owner") seek relief in the form of damages sustained as a direct result of the failure of the defendant Jancunski Humes Architects, LLC ("JHA" or "Architect" ) to honor its contractual obligations to Westborough by failing to properly supervise the removal and installation of an epoxy sport flooring system located at the Mill Pond School in Westborough, Worcester County, Massachusetts ("Project"). In addition, Westborough seeks relief from CRIS Contractors ("CRIS" or "Contractor") for its failure to properly install the epoxy sport flooring.

Westborough, as the Owner on the Project, had no role in the design, engineering, or construction of the Project.

**PARTIES**

1. Plaintiff Westborough School Committee body politic of the Commonwealth of Massachusetts charged with overseeing the public school system in the Town of Westborough. Its principal place of business is at 45 West Main Street, Westborough, Worcester County, Massachusetts.

2. Plaintiff Town of Westborough Public Schools is a body politic of the Commonwealth of Massachusetts charged with operating the public school system in the Town of Westborough. Its principal place of business is at 45 West Main Street, Westborough, Worcester County, Massachusetts.

3. Defendant Jacunski Humes Architects, LLC is a limited liability corporation with its principal place of business located at 15 Massirio Drive, Suite 101, Berlin, Connecticut.

4. Defendant CRIS Contractors is, upon information and belief, an unincorporated business entity having its principal place of business located at Fryeburg, Maine.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) in that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between parties that are citizens of different states.

6. Venue is proper under 28 U.S.C. § 1391(b) in that the defendants are citizens of jurisdictions other than Massachusetts.

**FACTUAL ALLEGATIONS**

7. Westborough restates the allegations in Paragraphs 1 through 6 as if fully set forth herein.

8. On April 22, 2013 Westborough entered into an Agreement with Defendant Jacunski Humes Architects, LLC ("JHA") for the latter to provide Construction Documents, Bidding Supervision, and Construction Administration for the gym floor replacement at the Mill Pond School.

9. The Agreement between Westborough and JHA called for JHA to monitor the work being performed by CRIS Contractors ("CRIS") including, but not limited to, providing oversight relating to moisture mitigation procedures used by CRIS in preparing the floor surface for epoxy coating.

10. On or about June 14, 2013 Westborough entered into an Agreement with Defendant CRIS for the removal and replacement of the Mill Pond School gym floor. CRIS's bid for the project was $88,552.00.

11. The Agreement between Westborough and CRIS called for CRIS to remove the existing gym floor, prepare the subsurface for the application of an epoxy floor, and to apply the epoxy floor to the manufacturer's specifications.

12. CRIS performed its work in June and July of 2013. Within 2 to 3 months the flooring started to experience bubbling.

13. Delamination in two locations was first reported to Westborough the week of September 23, 2013. By October 22, 2013 eleven locations were identified.

14. On August 18, 2015 Westborough retained the services of Certified Floor-Covering Consultants, LLC ("CFCC") to determine the cause of the flooring failures.

15. In its report of November 28, 2015 CFCC concluded that the following had occurred with respect to the flooring installation by CRIS:

    a. CRIS failed to monitor workmanship per its Agreement;

    b. CRIS failed to fulfill the requirements of Addendum #1 to the Agreement regarding moisture mitigation;

    c. CRIS substituted Koster epoxy for ACT 2170 epoxy without approval;

    d. CRIS failed to achieve acceptable moisture content prior to epoxy application;

    e. CRIS inappropriately used chemicals to remove existing flooring;

    f. CRIS failed to properly prepare surface for epoxy application; and,

    g. CRIS failed to properly apply the moisture mitigation system.

16. JHA failed to monitor CRIS throughout the Project which substantially contributed to the failures identified in paragraph 14, above.

## COUNT I – BREACH OF CONTRACT BY JHA

17. Westborough restates the allegations in Paragraphs 1 through 16 as if fully set forth herein.

18. Westborough entered into a written architect's agreement with JHA.

19. The agreement between Westborough and JHA called for JHA to supervise the removal, preparation, and installation of epoxy flooring at the Mill Pond School.

20. JHA failed to supervise CRIS and, as a result, the epoxy flooring that CRIS installed failed and had to be replaced.

21. As a direct and proximate result of JHA's failure to supervise CRIS Westborough sustained damages.

22. Westborough has complied with all conditions precedent necessary to maintain this action for breach of contract.

## COUNT II – BREACH OF CONTRACT BY CRIS

23. Westborough restates the allegations in Paragraphs 1 through 22 as if fully set forth herein.

24. Westborough entered into a written architect's agreement with CRIS.

25. The agreement between Westborough and CRIS called for CRIS to remove the existing flooring, prepare the subsurface for the application of the specified epoxy flooring, and to properly install the replacement epoxy flooring.

26. CRIS failed to properly remove the existing flooring, failed to properly prepare the subsurface for the replacement epoxy flooring, and improperly installed the replacement epoxy flooring.

27. As a direct and proximate result of CRIS's failures as detailed above, Westborough sustained damages.

28. Westborough has complied with all conditions precedent necessary to maintain this action for breach of contract.

## REQUESTS FOR RELIEF

WHEREFORE Westborough requests the following relief:

**As to DEFENDANT JACUNSKI HUMES ARCHITECTS LLC:**

A. Payment of the Contract sum of $88,552.00;

B. Pre-judgement interest, attorney's fees, and the costs of this action as set forth in the Agreement.

**As to DEFENDANT CRIS CONTRACTORS:**

C. Payment of the Contract sum of $88,552.00;

D.    Pre-judgement interest, attorney's fees, and the costs of this action as set forth in the Agreement.

**As to ALL DEFENDANTS**

E.    Any other relief that this Court deems appropriate.

    **THE PLAINTIFF REQUESTS A TRIAL BY JURY AS TO ALL CLAIMS SO TRIABLE.**

Respectfully submitted by the Plaintiffs, Westborough School Committee and the Westborough Public Schools,

By their attorneys,

_____
James T. Hargrove, BBO#550975
**DEUTSCH | WILLIAMS | BROOKS | DERENSIS & HOLLAND, P.C.**
One Design Center Place - Suite 600
Boston, Massachusetts  02210
(617) 951-2300 phone
(617) 951-2323 facsimile
jhargrove@dwboston.com

DATED:    October 18, 2017